UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

IN RE:

ERNESTO A. MELENDEZ PEREZ

DEBTOR(S)

CASE NUMBER 12-03808 ESL

CHAPTER 11

ERNESTO A. MELENDEZ PEREZ

Plaintiff

Vs.

MARGARITA DIAZ RIVERA

Defendant(s)

ADVERSARY PROCEEDING NUMBER:

12-0386

OPINION AND ORDER

This adversary proceeding is before the court upon the motion to dismiss filed by Margarita Diaz Rivera ("Ms. Diaz" or "Defendant") alleging that the "complaint is based on Section 362 of the Bankruptcy Code" and that "said section is inapposite to the facts of this case." The plaintiff has opposed the motion on several grounds. First, that the motion fails to mention the applicable statutory provision regarding motions to dismiss and that, even if it did, the same fails to meet the established criteria for the dismissal of a complaint. Second, the non-conclusory allegations in the complaint, taken as true, plausibly narrate a claim for relief. Third, the Defendant's motion to dismiss fails to plead with particularity the applicability of section 362(b)(2), 11 U.S.C. § 362 (b)(2), to the facts of this case. And, fourth, the conclusory allegations regarding the Defendant's pleadings before the state court misrepresent what was actually filed. The court agrees with plaintiff's contentions in their entirety. For the reasons that follow, the motion to dismiss is denied.

The Complaint

The complaint filed by debtor/plaintiff details with particularity the facts leading to the filing of the complaint, the actions taken by the Defendant post-petition in pursuing a state court action filed pre-petition for contempt proceedings for failure to pay obligations resulting from an agreement in a divorce proceeding, that notice of the filing had been given, and that Defendant had actual knowledge of the bankruptcy filing. In addition, the plaintiff submitted as exhibits all documents which lend support to the allegations in the complaint. Moreover, the complaint includes a legal analysis of the applicability of the automatic stay provisions of section 362 (a) of the Bankruptcy Code, as well as the inapplicability of the relevant exceptions in section 362 (b)(2) as they relate to domestic support obligations. In sum, the well-drafted complaint provides a plausible case on its face.

Standard for granting a motion to dismiss

Motions to dismiss for failure to state a claim upon which relief may be granted are governed by Federal Rule of Civil Procedure 12(b)(6), which provides that a defense of "failure to state a claim upon which relief can be granted" to a claim for relief may be presented by motion before the filing of a responsive pleading. A motion to dismiss a counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) is available to test a claim for relief in any pleading, including a defendant's counterclaim. See 5B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1356 at 368-369.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 173 L. Ed. 2d. 868 (2009) citing Bell Atlantic v. Twombly, 127 S. Ct. at 1974. Thus, a "complaint must plead facts 'that raise a right to relief above the speculative level'" Dixon v. Shamrock Fin. Corp., 522 F. 3d 76, 79 (1st Cir, 2008); Cook v. Gates, 528 F. 3d 42, 48 (1st Cir. 2008); Gray v. Evercore Restructuring L.L.C., 544 F. 3d 320, 324 (1st Cir. 2008); Gagliardi v. Sullivan, 513 F. 3d 301, 305 (1st Cir. 2008); Perez Acevedo v. Rivero-Cubano at 29;

Trans-Spec Truck Serv. v. Caterpillar Inc., 524 F. 3d 315, 320 (1st Cir. 2008); Citibank Global Markets, Inc. v. Rodriguez Santana, 573 F. 3d 17 (1st Cir. 2009). "Because a dismissal terminates an action at the earliest stages of the litigation, without a developed factual basis for decision, the court must carefully balance the rule of simplified civil pleading against the need for something more than conclusory allegations. Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993). The court will not accept unsupported conclusions or interpretations of the law. Id.

### The motion to dismiss

The motion to dismiss has five numbered paragraphs. Each paragraph consists of one sentence. Plaintiff labeled the motion as terse and conclusory. Indeed it is. Since there is no reference whatsoever to the ground upon which the motion to dismiss is based, the court agrees with the plaintiff that the terse allegations should be weighed under the parameters of Rule 12(b)(6) of the Fed. R. Civ. P., made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b), that is, for failure to state a claim upon which relief may be granted.

The first paragraph states that plaintiff's complaint is a "frail attempt to declare null and void a valid order entered by the Superior Court of Bayamon in the on going domestic support case by and between Plaintiff and Defendant." A mere reading of the prayer in the complaint shows differently. Plaintiff is requesting this court to find that the Defendant violated the automatic stay provisions of section 362(a) and that damages should be awarded. The only mention to "null and void" is the request to find null and void a state court order entered after the petition was filed. Such is the status of the law in the First Circuit, as held in In re Soares, 107 F.3d 969 (1st Cir. 1997) and In re Mann, 316 F.3d 1 (1st Cir. 2003). Therefore, Defendant's allegations are incorrect.

The second paragraph alleges that a "mere glimpse" of section 362 "establishes that said section is inapposite to the facts of this case." The Defendant does not explain why. Maybe there is no legal explanation, irrespective of the merits of the complaint. This court finds that section

3

362 is the applicable section to any cause of action praying for damages as a result of an automatic stay violation.

The third paragraph states that:

> "3. Specifically, Section 362(b)(2) mandates that:
> 'The filing of a petition . . . does not operate as a stay . . . of the commencement or continuation of a civil action or proceeding . . . for the establishment or modification of an order for domestic support obligation.'

At the outset, the court clarifies that section 362(b) does not mandate actions; it lists the exceptions to actions taken after the filing of a petition, which triggers the automatic stay provisions of 362(a). Such excepted actions do "not operate as a stay." The surgical exposition by the Defendant of the provisions of 362(b)(2) misrepresents the exceptions provided therein. Also, the Defendant provides no explanation as to why the actions taken before the state court fall within the exception in 362(b)(2). In fact, there is no mention of the actions taken. Such misrepresentations of the applicable statutory provision and omission of relevant facts may mislead the court.

The fourth paragraph states that "[t]he subject motion filed by the Defendant in the local court case was not only mandated by an order of the court, but for the sole purpose of establishing and/or clarifying the domestic support obligations that Plaintiff owes Defendant." This paragraph is a cavalier attempt to fit the unstated actions within the exception to the automatic stay in section 362(b)(2)(A)(ii). The Defendant does not explain the basis for this conclusion. Moreover, Defendant fails to address the allegations in paragraphs 13 and 14 of the complaint. Paragraph 13 provides the legal basis for concluding that section 362(b)(2) is not applicable to the facts in the complaint. Paragraph 14 details the facts in support of this legal conclusion. The Defendant misconstrues the applicable law in light of the non-conclusory allegations in the complaint, which the Defendant has opted to omit from the discussion.

The court has examined the pleading ( "Duplica en Cumplimiento de Orden") filed in the state court proceedings as the same was attached as an exhibit to the complaint. The court may consider the implications from documents attached to or incorporated into the complaint. Schatz

4

v. Republican State Leadership Committee, 669 F. 3d 50, 55 (1st Cir. 2012). The pleading acknowledges the bankruptcy filing and prays for the enforcement of the obligations resulting from the divorce agreement which call for payment of several items to the Defendant, some of which may be in the nature of support and some may be a property settlement. The representations made to the state court are that these obligations constitute "domestic support obligations" and as such are not subject to the automatic stay and are not dischargeable. Thus, according to the representations made by the Defendant to the state court, the debtor must continue making payment. Clearly, such a request is not for the establishment or clarification of a domestic support obligation. It is a request to compel payment of the established obligation. The court at this juncture need only decide whether or not the actions in the subject pleading are excepted under section 362(b)(2)(A)(ii). The court finds that they are not. However, reference is made to the opinion and order entered on March 12, 2013 (dkt. # 97) in the main (bankruptcy) case wherein this court discusses the nature of the obligations and whether or not the same constitute domestic support obligations as defined in 11 U.S.C. § 101(14A). The court further states that the fact that a debt may not be dischargeable is not a dispensation to collect on the same while the automatic stay provisions are in effect. Domestic support obligations and debts in connection with a separation agreement are excepted from discharge under 11 U.S.C. § 523(a)(5,15). However, "the automatic stay provision is designed to forfend against the disorderly, piecemeal dismemberment of the debtor's estate outside the bankruptcy proceedings." In re Mann, 316 F.3d 1, 3 (1st Cir. 2003).

     The fifth paragraph concludes that "[a]s such, the motion filed by Defendant in the local court is clearly of the nature envisioned by section 362(b)(2) and to which the automatic stay is inapplicable." The court disagrees with this conclusions for the reasons stated above.

     <u>Application of the standard to the facts</u>

     The court applies the two-step process discussed in Schatz v. Republican State Leadership Committee, 669 F. 3d 50 (1st Cir. 2012). Step one: isolate legal conclusions. The

complaint provides ample legal basis for the conclusions. However, the legal conclusions provide the basis for the non-conclusory factual allegations, which, additionally, are supported by the attached exhibits. Step two: take the complaint's well-plead (non-conclusory) allegations as true, drawing all reasonable inferences in plaintiff's favor and determine if they plausibly narrate a claim for relief. Clearly, the non-conclusory allegations in the complaint establish a plausible cause of action for the relief requested in the complaint, namely, Defendant's violation of the automatic stay.

The foregoing explication shows that the allegations in the motion to dismiss do not meet the established criteria to grant a motion to dismiss. Consequently, the motion to dismiss is hereby denied.

## CONCLUSION

In view of the foregoing, the court hereby denies the motion to dismiss, as well as the request to continue the pretrial. Defendant shall answer the complaint within fourteen (14) days.

SO ORDERED.

In San Juan, Puerto Rico, this 4th day of April, 2013.

*Lamoutte*
Enrique S. Lamoutte
United States Bankruptcy Judge