IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 12-03808 (ESL) |
| ERNESTO ANTONIO MELENDEZ PEREZ | CHAPTER 11 |
| Debtor | |
| ERNESTO ANTONIO MELENDEZ PEREZ | ADV. PROC. NO. 12-00386 (ESL) |
| Plaintiff | |
| vs. | |
| MARGARITA DIAZ RIVERA | |
| Defendant | |

OPINION AND ORDER

This case is before the court upon Mr. Ernesto Antonio Melendez Perez's (hereinafter referred to as "Plaintiff" or "Debtor") *Amended Motion for Partial Summary Judgment and Memorandum of Law* ("*Motion for Partial Summary Judgment*") seeking a determination that Defendant willfully violated the automatic stay provisions pursuant to 11 U.S.C. §362(a) when she filed a *Sur-Reply in Compliance of Order*[1] (the "*Sur-Reply*") at the Puerto Rico Court of First Instance, Superior Court of Bayamon ("state court") requesting payment of various obligations that are not excepted under 11 U.S.C. §362(b)(2)(A)(ii). The Plaintiff requests this court to award him actual damages, including the payment of legal fees under 11 U.S.C. §362(k)(1) stemming from this violation. Mrs. Margarita Diaz Rivera (hereinafter referred to as "Mrs. Diaz" or "Defendant") filed an *Opposition to Motion for Summary Judgment* arguing that: (i) the motion filed at the state court was in compliance with a prior state court order and the same was intended for the state court to determine the domestic support obligations

---

[1] The document is titled in Spanish "Duplica en Cumplimiento de Orden" (Docket No. 46-3) again parties have only filed Spanish language documents and for the sake of judicial economy the court will consider these documents. If any party would like to appeal any order, these documents will have to be offered with a certified translation.

("DSO") pursuant to 11 U.S.C. §101(14A) of the Plaintiff; and (ii) the civil case in the state court is exempted from the automatic stay provisions pursuant to 11 U.S.C. §362(b)(2)(A)(ii) and §362(b)(2)(B) because there was no specific request for the default to be cured with property of the estate. For the reasons stated herein the *Motion for Partial Summary Judgment* is granted.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Facts and Procedural Background

The Debtor filed a bankruptcy petition under Chapter 11 of the Bankruptcy Code on May 16, 2012 (lead case, No. 12-03808[2]). The 341 meeting of the creditors was initially scheduled for June 25, 2012 (Docket No. 9 in lead case), and rescheduled and held on October 5, 2012 (Docket Nos. 14 & 23 in lead case). On August 23, 2012, Mrs. Diaz filed a *Motion to Dismiss Case* pursuant to 11 U.S.C. §1112(b)(4)(P) (Docket No. 33, lead case). On October 1, 2012, the Debtor filed his *Memorandum of Law in Support of his Opposition to Motion to Dismiss filed by Margarita Diaz Rivera* (Docket No. 65, lead case). On October 16, 2012, Mrs. Diaz filed her *Verified Reply to Debtor's Memorandum of Law* (Docket No. 71, lead case). On March 12, 2013, this court rendered an *Opinion and Order* (Docket No. 97, lead case) regarding Mrs. Diaz's motion to dismiss case or convert pursuant to 11 U.S.C. §1112(b)(4)(P). This court held that: "(1) [i]t is uncontested that the $3,000 monthly payment, the health insurance coverage for Mrs. Diaz, and the disability insurance policy naming Mrs. Diaz as the sole beneficiary constitute domestic support obligations under 11 U.S.C. §101(14A). Thus the same must be currently paid; (2) [t]he additional $2,000 monthly payment and mortgage payment of Mrs. Diaz's residence are not domestic support obligations under 11 U.S.C. §101(14A), but rather form part of the liquidation and division of conjugal assets property

---

[2] References to the lead case are to the entries and documents filed in the bankruptcy case, case number 12-03808 (ESL).

settlement agreed upon by the parties during their divorce proceedings; and (3) [t]he court will hold and evidentiary hearing regarding the life insurance policy obligation to determine the intent of the parties at the time of the divorce proceedings and thus, determine whether the same constitutes a domestic support obligation or forms part of the property settlement." (Docket No. 97, lead case, pgs. 14-15). On January 24, 2014, the evidentiary hearing was held to determine the intent of the parties at the time of the divorce proceedings regarding the nature of the life insurance policy (Docket No. 177, lead case). On July 17, 2014 this court rendered an *Opinion and Order* (Docket No. 218, lead case) in which it held that the life insurance policy does not constitute a DSO pursuant to 11 U.S.C. §101(14A).

On October 24, 2012, the Debtor filed this adversary proceeding premised upon allegations that Mrs. Diaz violated the automatic stay provisions by requesting payment from the Debtor of various obligations in state court which are not excepted under 11 U.S.C. §362(b)(2)(A)(ii) and the state court granting Mrs. Diaz's request.

Subsequently, on December 26, 2012, the Defendant filed a *Motion to Dismiss Complaint and to Vacate Pre-Trial Hearing* (Docket No. 13).  On January 21, 2013, the Plaintiff filed his *Opposition to Motion to Dismiss* (Docket No. 17).  On April 4, 2013, the court rendered an *Opinion and Order* (Docket No. 21) denying Defendant's motion to dismiss. On April 18, 2013, the Defendant filed her *Answer to Complaint* (Docket No. 24). On September 26, 2013, the parties filed the *Joint Pre Trial Report* (Docket No. 34). On January 24, 2014, the preliminary pretrial conference was held in which this court determined that this adversary proceeding hinges on the final decision regarding what constitutes a DSO in the contested matter heard today (in the lead case). The pre-trial hearing was continued without a date (Docket No. 41).

On February 21, 2014, the Plaintiff filed an *Amended Motion for Partial Summary Judgment* (Docket No. 46) arguing that Defendant violated the automatic stay provisions pursuant to 11 U.S.C. §362(a) based upon the following: (i) Defendant filed a *Sur-Reply* in state court on June 6, 2012, subsequent to the filing of the bankruptcy petition, requesting

payment of various obligations that were not excepted under any of the provisions under 11 U.S.C. §362(b)(2); (ii) the state court Order rendered on July 10, 2012 granting the Defendant's contempt motion and *Sur-Reply* is null and void because such action was taken in contravention of the automatic stay, thus the Order is without effect; and (iii) this court in its April 4, 2012 *Opinion and Order* (Docket No. 21, pg. 5) stated the following:

> "[t]he representations made to the state court are that these obligations constitute "domestic support obligations" and as such are not subject to the automatic stay and are not dischargeable. Thus, according to the representations made by the Defendant to the state court, the debtor must continue making payment. Clearly, such a request is not for the establishment or clarification of a domestic support obligation. It is a request to compel payment of the established obligation. The court at this juncture need only decide whether or not the actions in the subject pleading are excepted under section 362(b)(2)(A)(ii). The court finds that they are not." (Docket No. 46, pg. 8).

On March 20, 2014 the court ordered as follows: "[o]n February 21, 2014 the plaintiff moved for summary judgment and provided for fourteen (14) days to the opposing party (defendant) to oppose. In spite of the time that has elapsed defendant has not opposed the motion for summary judgment. In view of the foregoing, the court orders the defendant to show cause within fourteen (14) days why partial summary judgment should not be entered in favor of plaintiff finding that the defendant violated the automatic stay provisions of 11 U.S.C. §362(a) and scheduling a hearing on damages." (Docket No. 48). On April 3, 2014, the Defendant filed her *Opposition to Motion for Summary Judgment* arguing that she did not violate the provisions of the automatic stay based upon the following: (i) the Sur-Reply filed at the state court was in compliance with a prior state court order and the same was intended for the state court to determine that the payment obligations of the Debtor according to the divorce decree were domestic support obligations ("DSO") pursuant to 11 U.S.C. §101(14A); (ii) "[t]he only language that could be interpreted as a collection effort is in the 'wherefore'

wherein it was requested that the [state court] order Debtor-Plaintiff to comply with all the obligations of the divorce decree because these were domestic support obligations;" (iii) "…the Sur-reply has the sole purpose of obtaining a ruling from the [state court] that the obligations in the divorce decree were domestic support obligations and as such, [are] exempted from the automatic stay pursuant to section 362(b)(2)(A)(ii); and (iv) "…even though there was a general request for the obligations to be complied with, there was no specific request for the default to be cured with property of the estate; which falls within the exception to the automatic stay of Section 362(b)(2)(B). And even after the Sur-Reply was granted, Defendant did not pursue an order for contempt and/or to garnish Debtor's property (Docket No. 50).

<u>Material Uncontested Facts</u>

1.    Plaintiff and Defendant were married on May 5, 1972.

2.    On May 15, 2003, the appearing parties filed a divorce petition by mutual consent at the state court, Civil Case No. D DI2002-3422.

3.    On May 15, 2003, the state court entered a Judgment granting the divorce petition.

4.    On April 9, 2012, the Defendant filed an *Urgent Motion for Contempt and Other Measures* in the state court in Civil Case No. DDI2002-3422 (Docket No. 46, Exhibit 1).

5.    On May 9, 2012, the Plaintiff filed his *Reply* to the *Urgent Motion for Contempt and Other Measures* (Docket No. 50, Exhibit 1).

6.    On May 10, 2012, the state court issued an *Order* instructing the other party to inform (disclose) his position within 20 days.  (Docket No. 50, Exhibit 2).

7.    On May 16, 2012, the Debtor filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code.

8. On May 18, 2012, the Plaintiff filed a motion informing the state court that he had filed for bankruptcy and filing the Notice of Automatic Stay (Docket No. 46, Exhibit 2).

9. On June 6, 2012, the Defendant filed her *Sur-Reply* in the state court. (Docket No. 46, Exhibit 3).

10. On July 30, 2012, the state court entered an *Order* granting the motion filed by Mrs. Diaz. (Docket No. 46, Exhibit 4).

11. On September 28, 2012, the Plaintiff filed an *Urgent Motion Requesting Modification of Alimony* in state court to reduce the alimony payments (Docket No. 50, Exhibit 3).

<u>Applicable Law & Analysis</u>

*Standard for Motion for Summary Judgment*

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Summary judgment should be entered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. <u>See</u> <u>In re Colarusso</u>, 382 F.3d 51 (1st Cir. 2004), citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-323 (1986). "The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." Wright, Miller & Kane, <u>Federal Practice and Procedure</u>, Civil 3d, Vol 10A, § 2712 (2013). "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." <u>Id.</u> at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. <u>Id.</u> at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322. The moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute, thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. Also see Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its

opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). Also see Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

For the reasons explained below, this court grants the Plaintiff's *Motion for Partial Summary Judgment.*

*Automatic Stay*

The automatic stay provision is one of the fundamental debtor protections in the Bankruptcy Code. It gives the debtor a "breathing spell" from creditors and stops all collection efforts, all harassment, and all foreclosure actions. H.R. Rep. No. 95-595, 95th Cong. 1st Sess. 340-342 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 54-55 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97. "It allows the debtor to attempt a repayment or reorganization plan or simply be relieved of the financial pressures that drove him into bankruptcy." Id. The automatic stay is extremely broad in scope and "applies to almost any type of formal or informal action taken against the debtor or the property of the estate." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03 (16th ed. 2014). Furthermore,

the automatic stay also protects creditors since it prevents the "dismemberment of a debtor's assets by individual creditors levying on the property." Id.

The automatic stay prohibits "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(1). "Subsection (a)(1) provides for a broad stay of legal proceedings against the debtor that were or could have been commenced prior to the commencement of the bankruptcy case, or that seek to recover a prepetition claim against the debtor. It includes a stay against the commencement or continuation of administrative, judicial and other actions or proceedings against the debtor." Alan N. Resnick & Henry J. Sommer, 3 Collier on Bankruptcy ¶ 362.03[3] (16th ed. 2014). "The stay provision of subsection (a)(1) is drafted so broadly that it encompasses all types of legal proceedings, subject only to the exceptions provided in section 362(b)." Id.

"Except as provided in section 362(b), the stay prohibits proceedings on both dischargeable and non-dischargeable debts." Id. "When litigation is pending against the debtor at the time a bankruptcy case is commenced, the litigation is stayed automatically. The nondebtor party has an obligation to notify the court in which the litigation is pending that the action is stayed and to take any other action necessary to assure that the action does not continue. Failure to do so violates the stay. In addition, if the nonbankruptcy court continues the action or enters a judgment notwithstanding the imposition of the automatic stay, the action or judgment should be considered ineffective against the debtor." Id. "Despite the fundamental importance of the automatic stay, Congress has allowed certain exceptions to the automatic stay, such as those included under Section 362(b) of the Bankruptcy Code." Centeno Sanchez v.

Dept. of Treasury (In re Sanchez), 2013 Bankr. Lexis 137, *10 (Bankr. D.P.R. 2013) citing 229 Main St, Ltd. Pshp. v. Mass. EPA (In re 229 Main St.), 262 F. #d 1, 3-4 (1st Cir. 2001).

Section 362(b) lists a number of acts that are exceptions from a debtor's automatic stay. In the instant case, Defendant argues that her actions were exempted by 11 U.S.C. §362(b)(2)(A)(ii) and 362(b)(2)(B). Section 362(b)(2)(A)(ii) of the Bankruptcy Code provides an exception to the automatic stay provisions under subsection (a) of Section 362 of the Bankruptcy Code by allowing: "(A) of the commencement or continuation of a civil action or proceeding—(ii) for the establishment or modification of an order for domestic support obligations." 11 U.S.C. §362(b)(2)(A)(ii). Section 362(b)(2)(B) provides another exception to the automatic stay by allowing: "(B) of the collection of a domestic support obligation from property that is not property of the estate." 11 U.S.C. §362(b)(2)(B).

In the instant case, the Defendant argues that she filed the Sur-Reply in the state court in compliance with a prior state court order and the same was intended for the state court to determine that the payment obligations of the Debtor according to the divorce decree were DSO pursuant to 11 U.S.C. §101(14A) and as such the same were exempted from the automatic stay provisions pursuant to Section 362(b)(2)(A)(ii). Defendant also argues that: "[t]he only language that could be interpreted as a collection effort is in the 'wherefore' wherein it was requested that the [state court] order Debtor-Plaintiff to comply with all the obligations of the divorce decree because these were domestic support obligations" (Docket No. 50). This court in its March 12, 2013 *Opinion and Order* (Docket No. 97) in the lead case concluded the following regarding the Sur-Reply and the state court order granting the same: (i) the prayer of the Sur-Reply requested the state court to order the Debtor to comply with each and every one of the obligations included in the Divorce Petition and Judgment since the same are not dischargeable under the Bankruptcy Code and form part of valid order of domestic obligations

(Docket No. 33, lead case pgs. 4-5); (ii) the state court did not adjudicate whether the various obligations contained in the stipulations were DSO's under 11 U.S.C. §101(14A) and it may not because that is a matter of federal jurisdiction; and (iii) the state court granted this motion, thus ordering the Debtor to comply with the payments associated with the obligations included as part of the stipulations of the Divorce Judgment (Docket No. 97, lead case, pgs 13-14). The court's analysis of the Sur-Reply and the state court order is as follows:

> "Mrs. Diaz also presented the argument that due to Debtor's default in his domestic support obligations she had to file in state court a motion requesting an Order directing the Debtor to pay all domestic support obligations, and the state court rendered an Order granting the same, wherein it is specifically decided that the obligations are non-dischargeable domestic support obligations that the Debtor must continue to pay post-petition (Docket No. 71, pgs. 2-3). The prayer pertaining to this particular motion requested the state court to order attorney Melendez to comply with each and every one of the obligations included in the Divorce Petition and Judgment since the same are not dischargeable under the Bankruptcy Code and form part of valid order of domestic obligations (Docket No. 33-3, pgs. 4-5). However, no particular section of the Bankruptcy Code was referenced in the prayer of said motion. The state court granted this motion ("Con Lugar"). The state court ordered Mr. Melendez to comply with the payments associated with the obligations included as part of the stipulations of the Divorce Judgment.

> The stipulations in the Divorce Petition included both domestic support obligations and property settlement debts in connection with a separation agreement, which are not dischargeable debts in an individual Chapter 11 case pursuant to 11 U.S.C. §§ 523(a)(5), 523(a)(15) and 1141(d)(2). Debts that are in the nature of alimony, maintenance or support, and property settlement debts are non-dischargeable in an individual Chapter 11 case. The state court did not adjudicate whether the various obligations contained in the stipulations were domestic support obligations under 11 U.S.C. § 101(14A) and, arguably it may not, as determining if an obligation qualifies as support is a matter of federal bankruptcy law, not state law. Therefore, the state court decision does not have effect on the matters before the court." (Docket No. 97, lead case, pgs. 13-14).

On April 4, 2013, this court in its Opinion and Order (Docket No. 21) denied Defendant's motion to dismiss this adversary proceeding. The court concluded that the Defendant's representations to the state court included in the Sur-Reply was a request to compel

payment, not for the establishment or clarification of a domestic support obligation pursuant to 11 U.S.C. §362(b)(2)(A)(ii). This court stated as follows:

> "The representations made to the state court are that these obligations constitute 'domestic support obligations' and as such are not subject to the automatic stay and are not dischargeable. Thus, according to the representations made by the Defendant to the state court, the debtor must continue making payment. Clearly, such a request is not for the establishment or clarification of a domestic support obligation. It is a request to compel payment of the established obligation. The court at this juncture, need only decided whether or not the actions in the subject pleading are excepted under section 362(b)(2)(A)(ii). The court finds that they are not." (Docket No. 21, pg. 5).

This court finds that it has already adjudicated in the negative whether the Defendant's state court Sur-Reply was exempted under section 362(b)(2)(A)(ii). The court held that the same was not exempted under section 362(b)(2)(A)(ii).

Defendant also argues that the Sur-Reply filed in state court is exempted under section 362(b)(2)(B) because "....even t[h]ough there was a general request for the obligations to be complied with, there was no specific request for the default to be cured with property of the estate; which falls within the exception to the automatic stay of [s]ection 362(b)(2)(B)." (Docket No. 50, pg. 9). This court finds that this exception is inapplicable in the instant case for two (2) reasons, namely; (i) the Defendant sought collection of obligations which this court has determined do not constitute domestic support obligations under section 101(14A); and (ii) all property owned by the Debtor on the date of filing, plus all earnings from services performed after commencement of the case, but before the case is closed, converted or dismissed is property of the estate pursuant to 11 U.S.C. §§541 and 1115.

*Violation of the Automatic Stay*

Section 362(k) provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. §362(k)(1). "A debtor

seeking damages under this section bears the burden of proving by a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-578 (B.A.P. 1st Cir. 2012) citing In re Panek, 402 B.R. 71, 76 (Bankr. D. Mass. 2009).

The First Circuit in Laboy v. Doral Mortg. Corp. (In re Laboy), 647 F. 3d 367, 374 (1st Cir. 2011) stated the following regarding whether a violation is deemed "willful," "[a] violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case. In re McMullen, 386 F. 3d 320, 330 (1st Cir. 2004);" See also; Fleet Mortg. Group v. Kaneb, 196 F. 3d 265, 269 (1st Cir. 1999) ("A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under §362(h)[3] is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation"). Thus, "without a willful violation, the damages provision of §362 by its terms, is irrelevant." In re Laboy, 647 F. 3d at 373-374.

This court finds that the Defendant's filing in state court of the Sur-Reply compelling payment of all the obligations included in the divorce petition constitutes a willful violation of the automatic stay pursuant to section 362(a)(1), since the Defendant knew that the Debtor had filed for bankruptcy and included this information in her Sur-Reply in state court. Moreover, the Sur-Reply did not specify that the source of payment of the domestic support obligations be limited to non-estate property. This court finds that the Defendant in her Sur-Reply misrepresented the Bankruptcy Court by alleging that this court had denominated (designated) the life insurance policy and the disability insurance policy as domestic support obligations. In

---

[3] Section 362(k)(1) was previously codified as subsection 362(h) of the Bankruptcy Code.

the Sur-Reply, the Defendant also alleges that all the obligations included in the divorce petition form part of a valid Order regarding domestic support obligations. At this juncture, this court had not rendered a holding regarding the obligations which constitute domestic support obligations pursuant to 11 U.S.C. §101(14A). This court rendered two (2) Opinions and Orders, the first on March 12, 2013 and the second on July 17, 2014 (Docket Nos. 97 & 218, lead case), as to whether the obligations included in the divorce decree constituted domestic support obligations pursuant to 11 U.S.C. §101(14A) or were part of the liquidation and division of conjugal assets property settlement agreed upon by the parties. The First Circuit's view is that actions taken in contravention of the automatic stay in a judicial proceeding are "null and void." See Soares v. Brockton Credit Union (In re Soares), 107 F. 3d 969, 976 (1st Cir. 1997). Thus, this court finds that the state court's Order granting Defendant's Sur-Reply is null and void. Moreover, it is the creditor's obligation to inform other courts of a debtor's bankruptcy filing. See In re Soares, 107 F. 3d at 978. However, in the instant case, it was the Debtor that on May 18, 2012, filed a motion informing the state court that he had filed for bankruptcy.

Conclusion

For the reasons stated above the Plaintiff's *Motion for Partial Summary Judgment* is hereby granted and the Defendant's *Opposition to Motion for Summary Judgment* is denied. A hearing on damages is scheduled for October 28, 2014 at 2:00pm.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of July, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge