IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 12-03808 (ESL)

ERNESTO ANTONIO MELENDEZ                                  CHAPTER 11
PEREZ

    Debtor
                                                          ADV. PROC. NO. 12-00386 (ESL)

ERNESTO ANTONIO MELENDEZ
PEREZ

    Plaintiff

        vs.

MARGARITA DIAZ RIVERA

    Defendant

OPINION AND ORDER

This adversary proceeding is before the court upon the "MOTION TO ALTER OR AMEND JUDGMENT UNDER BANKRUPTCY RULE 9023 AND/OR FOR RECONSIDERATION UNDER BANKRUPTCY RULE 9024" FILED BY THE DEFENDANT (Dkt. #53) (hereinafter "the Motion") and the opposition filed by the debtor (Dkt. #54). For the reasons stated below the Motion is hereby denied.

Defendant alleges that this court "committed a manifest error of law when it failed to take in account" three facts: that the motion filed by the defendant in state court was in compliance with an order issued by the state court, that the defendant did not ask for payment from property of the estate but from exempt property, and that the defendant has not taken any action to attach or garnish any property as a result of the state court's order.

-1-

### Applicable Legal Standard

"Motions to reconsider are not recognized by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure *in haec verba*." In re Lozada Rivera, 470 B.R. 109, 112 (Bankr. D.P.R. 2012), citing Jimenez v. Rodriguez (In re Rodriguez), 233 B.R. 212, 218-219 (Bankr. D.P.R. 1999), conf'd 17 Fed. Appx. 5 (1st Cir. 2001); Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Lavespere v. Niagara Mach. & Tool Works Inc., 910 F.2d 167, 173 (5th Cir. 1990), cert. denied 510 U.S. 859, abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075-1076 (5th Cir. 1994).  Rather, federal courts have considered motions so denominated as either a motion to "alter or amend" under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Fed. R. Civ. P. 60(b).  See Fisher v. Kadant, Inc., 589 F.3d 505, 512 (1st Cir. 2009) (noting a motion for reconsideration implicated either Fed. R. Civ. P. 59(e) or 60(b)); Equity Security Holders' Committee v. Wedgestone Financial (In re Wedgestone Financial), 152 B.R. 786, 788 (D. Mass. 1993).  "These two rules are distinct; they serve different purposes and produce different consequences.  Which rule applies depends essentially on the time a motion is served.  If a motion is served within [fourteen[1]] days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e).  If the motion is served after that time, it falls under Rule 60(b)." In re Lozada Rivera, 470 B.R. at 113, quoting Van Skiver, 952 F.2d at 1243.  Also see Universal Ins. Co. v. DOJ, 866 F. Supp. 2d 49, 73 (D.P.R. 2012) ("A motion is characterized pursuant to [Fed. R. Civ. P.] 59(e) or [Fed. R. Civ. P.] 60(b) based upon its filing date.")  "The substance of the motion, not the nomenclature used or labels placed on motions, is controlling." In re Lozada Rivera, 470 B.R. at 113.  Under either rule, "the granting of a motion for reconsideration is 'an extraordinary remedy which should be used sparingly.'" *Palmer v. Champion Mortg.,* 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).  Because the *Motion for Reconsideration* was filed within 14 days from entry of the opinion and order, it will be considered under Fed. R. Civ. P. 59(e), applicable to bankruptcy proceedings through Fed. R. Bankr. P. 9023.

---

[1] *See* the most recently amended version of Fed. R. Bankr. P. 9023.

Fed. R. Civ. P. 59(e) itself does not state the grounds on which relief under the rule may be granted.  Therefore, trial courts have considerable discretion in deciding whether to grant or deny a motion to alter or amend under Fed. R. Civ. P. 59(e).  See ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) ("[Trial] courts enjoy considerable discretion in deciding [Fed. R. Civ. P.] 59(e) motions, subject to circumstances developed in the case law."); Venegas-Hernández v. Sonolux Records, 370 F.3d 183, 190 (1st Cir. 2004), citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir. 1982).  Generally, in order for a motion for reconsideration to proceed under Fed. R. Civ. P. 59(e), the movant must clearly establish a manifest error of law or present newly discovered evidence that could not have been diligently found during the case. See Schwartz v. Schwartz (In re Schwartz), 409 B.R. 240, 250 (B.A.P. 1st Cir. 2008), citing In re Rodriguez, 233 B.R. at 219.  The Court of Appeals for the "First Circuit has explained that a motion for reconsideration brought under Fed. R. Civ. P. 59(e) must be based upon newly discovered evidence or a manifest error of law or fact."  BBVA v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012), citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997).  "To meet the threshold requirements of a successful [Fed. R. Civ. P.] 59(e) motion, the motion must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision."  In re Schwartz, 409 B.R. at 250 (citations omitted).

"A motion for reconsideration 'does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence **or advance arguments that could or should have been presented to the district court prior to the judgment**."  *Marks 3-Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc.*, 455 F.3d 7, 15-16 (1st Cir. 2006) (citations omitted).  Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the court.  See *Standard Química de Venezuela v. Central Hispano International, Inc.*, 189 F.R.D. 202, n.4 (D.P.R. 1999).  In sum,

"[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected or to raise ones that could, and should, have been made before judgment issued." *See Soto-Padró v. Public Buildings Authority*, 675 F.3d 1, 9 (1st Cir. 2012) (citations omitted).  Conversely, the court should renew and reconsider whether it "patently misunderstood a party … or has made an error not of reasoning by apprehension." *Ruiz Rivera v. Pfizer Pharmaceuticals, LLC*, 521 F.3d 76, 82 (1st Cir. 2008).  Also see *Mulero-Abreu v. Puerto Rico Police Department*, 675 F.3d 88, 94-95 (1st Cir. 2012) (granting reconsideration in cases of "manifest error of law").  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." United States ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013).

In summary, motions for reconsideration under Fed. R. Civ. P. Rule 59(e) are generally recognized for three grounds: an intervening change in the controlling law, a clear legal error, or newly discovered evidence.  See Soto-Padró, 675 F.3d at 9.

In the *Opinion and Order* entered on July 29, 2014 (Dkt. #51), 2014 WL 3749531, the court concluded that:

> "In the instant case, the Defendant argues that she filed the Sur-Reply in the state court in compliance with a prior state court order and the same was intended for the state court to determine that the payment obligations of the Debtor according to the divorce decree were DSO pursuant to 11 U.S.C. §101(14A) and as such the same were exempted from the automatic stay provisions pursuant to Section 362(b)(2)(A)(ii). Defendant also argues that: "[t]he only language that could be interpreted as a collection effort is in the 'wherefore' wherein it was requested that the [state court] order Debtor-Plaintiff to comply with all the obligations of the divorce decree because these were domestic support obligations" (Docket No. 50). This court in its March 12, 2013 *Opinion and Order* (Docket No. 97) in the lead case concluded the following regarding the Sur-Reply and the state court order granting the same: (i) the prayer of the Sur-Reply requested the state court to order the Debtor to comply with each and every one of the obligations included in the Divorce Petition and Judgment since the same are not dischargeable under the Bankruptcy Code and form part of valid order of domestic obligations (Docket No. 33, lead case pgs. 4-5); (ii) the state court did not adjudicate whether the various obligations contained in the stipulations were DSO's under 11 U.S.C. §101(14A) and it may not because that is a matter of federal jurisdiction; and (iii) the state court granted this motion, thus ordering the Debtor to comply with the payments associated with the obligations included as part of the stipulations of the Divorce Judgment (Docket No. 97, lead case, pgs 13-14). The court's analysis of the Sur-Reply and the state court order is as follows:

'Mrs. Diaz also presented the argument that due to Debtor's default in his domestic support obligations she had to file in state court a motion requesting an Order directing the Debtor to pay all domestic support obligations, and the state court rendered an Order granting the same, wherein it is specifically decided that the obligations are non-dischargeable domestic support obligations that the Debtor must continue to pay post-petition (Docket No. 71, pgs. 2-3). The prayer pertaining to this particular motion requested the state court to order attorney Melendez to comply with each and every one of the obligations included in the Divorce Petition and Judgment since the same are not dischargeable under the Bankruptcy Code and form part of valid order of domestic obligations (Docket No. 33-3, pgs. 4-5). However, no particular section of the Bankruptcy Code was referenced in the prayer of said motion. The state court granted this motion ("Con Lugar"). The state court ordered Mr. Melendez to comply with the payments associated with the obligations included as part of the stipulations of the Divorce Judgment.

The stipulations in the Divorce Petition included both domestic support obligations and property settlement debts in connection with a separation agreement, which are not dischargeable debts in an individual Chapter 11 case pursuant to 11 U.S.C. §§ 523(a)(5), 523(a)(15) and 1141(d)(2). Debts that are in the nature of alimony, maintenance or support, and property settlement debts are non-dischargeable in an individual Chapter 11 case. The state court did not adjudicate whether the various obligations contained in the stipulations were domestic support obligations under 11 U.S.C. § 101(14A) and, arguably it may not, as determining if an obligation qualifies as support is a matter of federal bankruptcy law, not state law. Therefore, the state court decision does not have effect on the matters before the court." (Docket No. 97, lead case, pgs. 13-14).'

On April 4, 2013, this court in its Opinion and Order (Docket No. 21) denied Defendant's motion to dismiss this adversary proceeding. The court concluded that the Defendant's representations to the state court included in the Sur-Reply was a request to compel payment, not for the establishment or clarification of a domestic support obligation pursuant to 11 U.S.C. §362(b)(2)(A)(ii). This court stated as follows:

'The representations made to the state court are that these obligations constitute 'domestic support obligations' and as such are not subject to the automatic stay and are not dischargeable. Thus, according to the representations made by the Defendant to the state court, the debtor must continue making payment. Clearly, such a request is not for the establishment or clarification of a domestic support obligation. It is a request to compel payment of the established obligation. The court at this juncture, need only decided whether or not the actions in the subject pleading are excepted under section 362(b)(2)(A)(ii). The court finds that they are not.' (Docket No. 21, pg. 5).

This court finds that it has already adjudicated in the negative whether the Defendant's state court Sur-Reply was exempted under section 362(b)(2)(A)(ii). The court held that the same was not exempted under section 362(b)(2)(A)(ii).

Defendant also argues that the Sur-Reply filed in state court is exempted under section 362(b)(2)(B) because "....even t[h]ough there was a general request for the obligations to be complied with, there was no specific request for the default to be cured with property of the estate; which falls within the exception to the automatic stay of [s]ection 362(b)(2)(B)." (Docket No. 50, pg. 9). This court finds that this exception is inapplicable in the instant case for two (2) reasons, namely; (i) the Defendant sought collection of obligations which this court has determined do not constitute domestic support obligations under section 101(14A); and (ii) all property owned by the Debtor on the date of filing, plus all earnings from services performed after commencement of the case, but before the case is closed, converted or dismissed is property of the estate pursuant to 11 U.S.C. §§541 and 1115."

Conclusion

For the reasons stated herein, the *Motion* does not establish that there was an intervening change in the controlling law, a clear legal error, or newly discovered evidence.  The alleged factual omissions were considered by the court and rejected.  Thus, the M*otion* is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 27th day of October, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-