IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 12-03808 (ESL)

ERNESTO ANTONIO MELENDEZ                                  CHAPTER 11
PEREZ

    Debtor
                                                         ADV. PROC. NO. 12-00386 (ESL)

ERNESTO ANTONIO MELENDEZ
PEREZ

    Plaintiff

    vs.

MARGARITA DIAZ RIVERA

    Defendant

OPINION AND ORDER

This case came before the court on November 18, 2014 for an evidentiary hearing to determine the damages to be awarded to Mr. Ernesto A. Meléndez Pérez (the "Debtor" or "Plaintiff") as a result of the violation of the automatic stay by Ms. Margarita Diaz Rivera ("Ms. Diaz" or "Defendant"). The Debtor testified under oath and submitted Exhibit A in support of his request for psychiatric expenses. The defendant did not present any evidence to contest the evidence presented by the Debtor.

The controversy now before the court had its origins over ten years ago. The Debtor and Ms. Diaz were married in May 1972 and divorced in May 2003. Changed economic conditions and noncompliance with the agreement made regarding the liquidation of the conjugal partnership unleashed a rencontre over individual visions and perspectives of what should ultimately be the end result. The dispute before the court is a vivid example of the collision between bankruptcy law and family law. The background to the dispute of Debtor's failure to pay the domestic support obligations can be found in the Opinion and Orders entered in the lead

-1-

bankruptcy case on March 12, 2013 (dkt. # 97) (2013 WL 959842)  and July 17, 2014 (dkt. # 218) (2014 WL 3547056).  The travel and issues concerning Debtor's request for damages as a result of Defendant's violation of the automatic stay are detailed in the Opinion and Orders entered on April 4, 2013 (dkt. # 21) (2013 WL 1405747), July 29, 2014 (dkt. # 51) (2014 WL 3749531), and October 27, 2014 (dkt. # 58) (2014 WL 5463892).  The court makes reference to and incorporates the same to this opinion and order.

The instant adversary proceeding was filed on October 12, 2012.  The Debtor prays for damages under 11 U.S.C. § 362(k) for the alleged violation by the Defendant of the automatic stay provisions of 11 U.S.C. § 362(a).  On December 26, 2012 the Defendant filed a motion to dismiss.  The Debtor filed his opposition on January 21, 2013.  On April 4, 2013 the court entered an opinion and order denying the motion to dismiss.  The court found Defendant's allegations to be "terse and conclusory" and that the "surgical exposition by the Defendant" misrepresents the applicable legal provisions (dkt. # 21).

On July 29, 2014 the court entered an opinion an order granting Debtor's motion for summary judgment finding that the defendant's filing in the state court action "compelling the payment of all the divorce obligations in the divorce petition constitutes a willful violation of the automatic stay" (dkt. # 51).  The defendant moved to alter or amend the order.  On October 27, 2014 the court entered an opinion and order denying the motion to alter, concluding that the same "does not establish that there was an intervening change in the controlling law, a clear legal error, or newly discovered evidence" and that the "alleged factual omissions were considered by the court and rejected" (dkt. # 58).

Having determined that the Defendant is legally liable for having violated the automatic stay provisions, the only pending issue is the determination of the extent and amount of damages.

Jurisdiction

The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This is a core proceeding pursuant to 28 U.S.C. §§157(a) and (b). Venue of this proceeding is proper under 28 U.S.C. §§1408 and 1409.

Damages for Violation of Automatic Stay

Section 362 provides that an individual injured by any violation of the automatic stay shall recover actual damages, including costs and attorney's fees.  11 U.S.C. § 362(h). The award of damages is mandatory after the court finds that there is a violation of the automatic stay.  In re Vazquez Laboy, 647 F.3d 367 (1st Cir. 2011).  Actual damages should be awarded upon the presentation of concrete evidence to support the request.  Damages may not be supported on speculation and conjecture. In re Kaneb, 196 F.3d 265 (1st Cir. 1999). The amount of damages must be shown with reasonable certainty.  In re Heghmann, 316 B.R. 395 (B.A.P. 1st Cir. 2004).

The award of attorney's fees in a fee-shifting statute, such as section 362(h), is generally based on the loadstar method, as the same does not specifically dictate the method for calculating the attorney's fees.  In re Torres Lopez, 405 B.R. 24 (B.A.P 1st Cir. 2009).  An explanation of the calculation of attorney's fees must be "concise and clear." In re Torres Lopez, 405 B.R. 30; citing Torres-Rivera v. O'Neill-Cancel, 524 F.3d 331, 337 (1st Cir. 2008).

The award of actual damages for violation of the automatic stay includes emotional distress when the same is apparent from the particular circumstances involving the stay violation.  In re Kaneb, 196 F.3d 265 (1st Cir. 1999). The totality of the circumstances is a case specific concept.

Evidentiary Hearing

At the commencement of the evidentiary hearing Debtor's counsel made a proffer of the damages being requested.  The Debtor is requesting $3,900 for psychiatric fees, $17,064 for attorney's fees related to this proceeding, $1,037 for attorney's fees incurred in the state court proceeding and evinced in the application appearing at docket number 236 in the lead

bankruptcy case, and $15,000 for emotional and mental damages. The application for compensation filed by attorney María de Lourdes Guzmán on September 5, 2014 in the amount of $1,477.60 was approved on September 30, 2014 (dkt. # 246). The application for compensation filed under the loadstar method details post-petition work done on behalf of the Debtor in the state court proceedings.

Mr. Ernesto A. Maldonado Meléndez testified under oath. He obtained a B.S from King's College and a J.D. from the University of Puerto Rico. Mr. Meléndez is an attorney at law and notary public. He filed the instant bankruptcy petition because since 2008 his income was not sufficient to meet all of his obligations. He had been negotiating with the Defendant contempt proceedings in state court and needed to stop the collection of money actions. However, even after the filing of the bankruptcy petition the state court continued the proceedings for collection of monies at the Defendant's request. Plaintiff was forced to specifically inform the state court of the filing of the bankruptcy petition and that the automatic stay provisions of 11 U.S.C. § 362(a) were in effect. Notwithstanding, the proceedings continued. The Defendant moved for contempt against the Debtor in state court, and the court granted the request.

Plaintiff filed the instant adversary proceeding seeking redress for Defendant's violation of the automatic stay by continuing collection action in state court. Plaintiff questioned himself of the benefits of filing the petition to stop the collection action because the proceedings were continued in the state court. He has suffered a stressful situation on account of Defendant's actions by prosecuting the state court action. He is frustrated as there appears to be no finality to the "collection harassment." Upon cross-examination, Plaintiff admitted that he had requested a reduction in the alimony payments and that the state court continued to act on his request. Plaintiff estimates his emotional damages to be around $15,000 to $20,000. After considering Debtor's academic preparation and profession, as well as the testimony before the court, the court awards $10,000 as emotional damages.

As a result of this stressful situation, he visited Dr. Ernesto Frontera, a Psychiatrist. He first visited Dr. Frontera two times per month, but currently visits him once a month. He was

presented with and recognized Exhibit A as evidence of payments made to Dr. Frontera for his visits. The fees charged are in the amount of $130 per visit. He takes medication for stress. Upon cross-examination the Plaintiff stated that he had seen a psychiatrist before and after the filing of the bankruptcy petition, not only for the stress caused by the violation of the automatic stay, but for other reasons. The checks issued by the Debtor in favor of Dr. Frontera, as per Exhibit A total $4,160. However, the full amount of the fees cannot be ascribed to the emotional stress resulting from Defendant's violation of the automatic stay. Consequently, the court estimates and apportions 40% of the fees paid as resulting from the additional stress caused by Defendant's actions in violation of the automatic stay, that is, the amount of $1,664.

Plaintiff estimates to have incurred in legal fees related to the automatic stay violation in $17,000 to Ms. Gandia, his bankruptcy attorney, and an amount he does not recall at the moment, to his state court attorney, Ms. Guzmán. As stated above, the application for compensation filed by attorney María de Lourdes Guzmán is in the amount of $1,477.60. There is no specific evidence before the court detailing under the loadstar method the attorney's fees charged or incurred by Debtor's bankruptcy attorney, Ms. Mary Ann Gandia. The application for compensation filed on December 18, 2014 (dkt. # 257), approved by the court on January 12, 2015 (dkt. # 260), does not include or detail the work performed relative to the automatic stay violation litigation. Notwithstanding, it is clearly evident that legal services were rendered in this respect. The court awards as damages the amount of $1,477.60 for attorney Guzman's services in state court, and ten hours at a rate of $250, for a total of $2,500, for attorney Gandia's services. The total actual damages resulting from attorneys' fees expenses are $3,977.60.

Conclusion

After considering the evidence presented at the hearing held on November 18, 2014, the court awards the following damages: $10,000 for emotional damages, $1,664 for medical fees, and $3,977.60 for attorneys' fees. The total damages awarded in favor of Plaintiff and against the Defendant is $15,641.60.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of April, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge

-6-